The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'01 DEC 23 AM 11: 05

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Eugene P. Kale_ _Dolaus F. Kale_ _12/21/02_
Retiree                        Spouse                        Dated

3857 Skyview Dr.
Address

Bruns wick, OH 44212-1236

over →

Dear Judge Walsh:

Please help us to receive
what we worked many years for.
In great appreciation:

Eugene J. Kale
Dolores F. Kale
(spouse)

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

20 DEC 23 AM 11:08

Hs BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                            Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

~~John D. Gignac, 1st Vice President of the PRA~~
G. Michael Gignac, Jr. Member of the PRA Board of Directors
A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

David W. Kraubs
Retiree                                    Spouse                    12/20/2002
                                                                      Dated

P.O. Box 259,  94 HEALD RD.,  GEORGETOWN, ME  04548-0259
                        Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801


FILED

DEC 23 AM 11:19

US BANKRUPTCY CLERK
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_____        _____        12-20-02
Retiree                      Spouse                 Dated

102 Brickland Rd  Kenbridge, Va 23944
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'02 DEC 23 AM 11:18

CLERK
US BANKRUPTCY CO
DISTRICT OF DELAWARE

Dear Judge Walsh:                                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

　　　　　John D. Gignac, 1st Vice President of the PRA
　　　　　G. Michael Gignac, Jr. Member of the PRA Board of Directors
　　　　　A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Donald S. Hassell _____  Emily H. _____  12/21/02
　　　Retiree　　　　　　　　　　　　　Spouse　　　　　　　　Dated

37 WESTDALE RD., HOLBROOK, MA, 02343-1060
　　　　　　　　　Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'02 FEB 23 AM 11:07

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_____        _____        12-21-02
Retiree                        Spouse                        Dated

4. Gilmore Rd Southboro MA 01772
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 DEC 23 AM 11: 05

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Laurence Bonfili_                                                    _12/20/02_
Retiree                                    Spouse                      Dated

5 GRANT BREEN DR    MAShPEE, MA 02649
                Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 DEC 23 AM II: 08

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

~~John D. Gignac, 1st Vice President of the PRA~~
G. Michael Gignac, Jr. Member of the PRA Board of Directors
A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Giovanni Vescio _____ Angela _____ 12/20/02
Retiree                      Spouse              Dated

86 Curve St, Dedham, MA 02026
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 FEB 23 AM 11:68

IN BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_____          _____          12-21-02
Retiree                                   Spouse                              Dated

17 School St., Hopkinton, Mass. 01748
_____
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

John D. Gignac, 1st Vice President of the PRA
G. Michael Gignac, Jr. Member of the PRA Board of Directors
A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

*Vaughn E. Mack*          *Deceased.*          12/20/02
         Retiree                            Spouse                    Dated

*395 Weatherbee DR. - Westwood, MA. 02090*
                            Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

FILED

2002 DEC 23  AM 11: 45

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

John D. Gignac, 1st Vice President of the PRA
G. Michael Gignac, Jr. Member of the PRA Board of Directors
A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

John Ganner
Retiree

M. Mildred Ganner 12/21/02
Spouse                    Dated

17 Smith St Quincy Mass 02169
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



Re: Case No. 01-10864 (PJW)

Dear Judge Walsh:

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

John V. Baker                    Ellen M. Baker          12-20-02
Retiree                          Spouse                  Dated

43 ARNOLD RD. NORWOOD, MA, 02062
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> ~~John D. Gignac, 1st Vice-President of the PRA~~
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Eleanor V. Monaco_    _Salvatore L. Monaco_    12-20-02
    Retiree                  Spouse         Dated

_212 Ridgewood Dr. Norwood_
               Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



Dear Judge Walsh:                                          Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid
Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as
my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following
parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> – John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid
Corporation was quite possibly planned and engineered by a team of individuals, including so-called
insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to
retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical
valuation" of the company's assets. However that premise requires that the auction and sale be truly fair
and totally unbiased. There is much evidence that this was not the case and that the hiding of the true
market value of assets, the inflation of the liabilities, the misleading financial statements, and the
activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the
benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S.
Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have
been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel
have removed themselves totally from the bankruptcy proceedings as a result of the recently approved
Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as
the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired
Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of
Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the
grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured
Creditors. I believe the interests of the retirees have not been adequately represented the Committee of
Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

William J. Houston

_____        _____          12·20·02
        Retiree                      Spouse                Dated

56 Gonsalves Way    Stoughton   Ma   02072
                   Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

FILED

'02 DEC 23 AM II: 06

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice-President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Edward N Harris_
Retiree

_____
Spouse

12-23-02
Dated

_____
Address



F̶ ̶I̶ L̶ E̶ D

'3??! DEC 23  AM 11: 46

.: ..' ..
.5 BANKRUPTCY COUR
DISTRICT OF DELAWARE

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

Dear Judge Walsh:                                        Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid
Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as
my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following
parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid
Corporation was quite possibly planned and engineered by a team of individuals, including so-called
insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to
retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical
valuation" of the company's assets. However that premise requires that the auction and sale be truly fair
and totally unbiased. There is much evidence that this was not the case and that the hiding of the true
market value of assets, the inflation of the liabilities, the misleading financial statements, and the
activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the
benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S.
Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have
been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel
have removed themselves totally from the bankruptcy proceedings as a result of the recently approved
Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as
the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired
Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of
Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the
grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured
Creditors. I believe the interests of the retirees have not been adequately represented the Committee of
Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Edward J. Ubole_                    _Patricia D. Teale_        12/20/02
              Retiree                                    Spouse                          Dated

_70 Potomac St_    _W. Roxbury_  _MA 02132_  _-2822_
              Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'02 DEC 23 AM 11: 07

US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                   Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Allen J. MacNeill_                                   12/20/02
　　Retiree                              Spouse              Dated

25 PLEASANT ST. PEMBROKE, MA 02359
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'01 DEC 23 AM 11: 06

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Thomas R Canoll
Retiree                          Spouse                          12/20/02
                                                                 Dated

PO Box 4747, 264 Sandpiper Lane, Vineyard Haven, MA 02568
                          Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

FILED

'??DEC 23 AM 11: 07

?? ? ??
?? BANKRUPTCY COUR?
DISTRICT OF DELAWARE

Dear Judge Walsh:                                          Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Richard Paglia          Marie S. Paglia          12/19/02
Retiree                        Spouse                         Dated

363 E. RIDING DR. CARLISLE, MA 01741
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

DEC 23 AM 11:07

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:

Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_Marie G. Paglia_     _Richard Paglia_     _12/19/02_
Retiree                Spouse              Dated

_363 East Riding Dr. Carlisle, MA 01741_
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 DEC 23  AM 11:03

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA ---
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Retiree          Spouse                        Dated 12/20/02

32 Millbrook Rd Wayland Ma   Apt #2
                    Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

'DEC 23 AM 11: 04

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions planned and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented by the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Mary Ellen Dickman                                          12-20-02
_____        _____        _____
       Retiree                       Spouse                 Dated

47 Porter St.     Somerville Ma.
_____
                    Address
                                    02143


The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

Dear Judge Walsh:                                        Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,  *Peter O. KLIEM*

_____                    _____          12/20/02
          Retiree                                      Spouse                    Dated

Peter O Kliom
26 Driftwood Lane            **Address**
Weston, MA 02493

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 DEC 23 AM 11: 14

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_William E. Chester_
_WILLIE E. CHESTER_
Retiree                          Spouse                          12-20-02
                                                                  Dated

_85 HOWARD AVE DORCHESTER MA 02125-2847_
Address

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801

FILED

2002 DEC 23 AM II: 14

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                                Re: Case No. 01-10864 (PJW)


Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

Marcia Mc Gowan                                          12/21/02

Retiree                                Spouse                        Dated


Ms. Marcia McGowan
126 Winsor Ave.
Watertown, MA 02472

The Honorable Peter J. Walsh
United States Bankruptcy Court
For the District of Delaware
824 Market Street, Sixth Floor
Wilmington, Delaware 19801



FILED

2002 DEC 23 AM 11:16

U.S. BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Judge Walsh:                                    Re: Case No. 01-10864 (PJW)

Please be informed that I, the undersigned Polaroid retiree, and/or spouse of a retiree of Polaroid Corporation, support the motions and efforts of the Polaroid Retirees Association (the "PRA") acting as my agent and on behalf of all current and future Polaroid retirees. Specifically, I designate the following parties, who have appeared before your court, to represent my interests in the bankruptcy proceedings:

> John D. Gignac, 1st Vice President of the PRA
> G. Michael Gignac, Jr. Member of the PRA Board of Directors
> A. Derek Jarrett, PRA Member

I believe the widely held opinion of the PRA is correct in its assertion that the bankruptcy of Polaroid Corporation was quite possibly planned and engineered by a team of individuals, including so-called insiders, who are the beneficiaries of the unnecessary sale of the company, whereby many obligations to retirees and equity holders were "legally" terminated.

I recognize your strongly held principle that a "fair shop-around" is preferable to a "true technical valuation" of the company's assets. However that premise requires that the auction and sale be truly fair and totally unbiased. There is much evidence that this was not the case and that the hiding of the true market value of assets, the inflation of the liabilities, the misleading financial statements, and the activities of captive investment bankers and accountants succeeded in chilling out potential bidders to the benefit of a single, preferred bidder. The aforementioned has also been suggested by the Acting U.S. Trustee, Mr. Walton, in his formal objection to the sale of Polaroid's assets, dated May 1, 2002.

It is for the above reasons that I strongly support the calls for an independent examiner which have been made separately by Messrs Leonard Lockwood and George Maiorelli.

In addition, now that the five members of the Official Committee of Polaroid Retirees and their counsel have removed themselves totally from the bankruptcy proceedings as a result of the recently approved Stipulation, the retirees no longer have representation before the court. Respectfully, I request that you, as the court, appoint or order the appointment of an 1102 (2) "Committee of Current and Potential Retired Employees of Polaroid Corporation" for the pursuit of redress for fiduciary malfeasance on the part of Polaroid management. The U.S. Trustee has rejected the PRA's application for committee standing on the grounds that the interests of Polaroid retirees are covered by the activities of the Committee of Unsecured Creditors. I believe the interests of the retirees have not been adequately represented the Committee of Unsecured Creditors and respectfully ask that the court remedy this inequity.

Respectfully,

_John A. Pasquale_  _Rosarie Pasquale_    _Dec 20, 2002_
Retiree              Spouse              Dated

_12 Hickory Lane, N. Reading, Mass 01864_
Address